IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DONALD YOUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-2079-STA-cgc |
| | ) | |
| FEDEX EXPRESS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT FEDEX EXPRESS' MOTION TO DISMISS**

Before the Court is Defendant FedEx Express' Motion to Dismiss (D.E. # 22) filed on August 5, 2009. Plaintiff filed a response in opposition on September 15, 2009. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

According to Plaintiff's Complaint, his claims are brought pursuant to the Tennessee Human Rights Act, the Uniformed Services Employment and Reemployment Act ("USERRA"), and Tennessee common law. Compl. ¶ 1. Plaintiff Donald Yount was at the time of the events alleged an adult residence of Collierville, Shelby County, Tennessee. *Id*. at ¶ 2. Plaintiff was an employee of FedEx Express from July 24, 1975, until his termination on November 9, 2007. *Id*. at ¶ 3. Defendant FedEx Express is a Tennessee corporation, doing business in Tennessee, with its principal place of business located at 2903 Sprankle Road, Memphis, Tennessee 38118. *Id*. at ¶ 4. At all relevant times, Defendant was an employer as defined in Tenn. Code Ann. § 4-21-102(4).

Plaintiff began his employment with Defendant on July 24, 1975.  *Id*. at ¶ 9.[1]  Plaintiff's most recent job title was Manager of Aircraft Maintenance Training.  *Id*.  Throughout the course of his employment with Defendant, Plaintiff consistently met his employer's legitimate expectations for his work.  *Id*. at ¶ 11.  Plaintiff reported computer "pop-ups" of explicit material to the IT Department on or about January 15, 2007.  *Id*. at ¶ 12.  Plaintiff's laptop was left with the IT Department to have the material removed.  *Id*. at ¶ 13.

On or about October 11, 2007, Plaintiff met with his former supervisor, Joaquin Villareal to discuss a recent decline in the department's morale.  *Id*. at ¶ 14.  During the meeting, Villareal displayed behavior that any reasonable person would perceive as threatening, including slamming his fist on a desk and yelling at Plaintiff.  *Id*. at ¶ 15.

On or about October 16, 2007, Plaintiff met with Richard Ugarte and Shirley Lawrence regarding a recent complaint made by someone that Plaintiff had shown him or her pornographic material on his computer.  *Id*. at ¶ 16.  Plaintiff explained to Ugarte and Lawrence about the "po-ups" he had received several months prior and explained that he only showed the IT Department the material for purposes of repairs.  *Id*. at ¶ 17.

On or about October 22, 2007, Plaintiff called Defendant's toll free hotline to report Villareal's behavior during their previous meeting.  *Id*. at ¶ 18.  On or about October 25, 2007, a meeting was scheduled with Ugarte and Lawrence to discuss Plaintiff's workplace violence report.  *Id*. at ¶ 19.  At the conclusion of the meeting, Plaintiff was told to submit supportive documentation by the following Monday, October 29, 2007.  *Id*. at ¶ 20.

---

[1] The Complaint actually alleges that Plaintiff's employment began on July 24, 2008, which contradicts the earlier allegation that Plaintiff's employment began on July 24, 1975.  The Court finds that this was a typographical error.

On Monday, October 29, 2007, Plaintiff was notified that he was being placed on investigative suspension and escorted from the property. *Id*. at ¶ 21. On Friday, November 9, 2007, Plaintiff was notified of his termination. *Id*. at ¶ 22. Plaintiff was accused of viewing the explicit material that he had reported to the IT Department several months prior. *Id*. at ¶ 23. At the time of his termination, Plaintiff was fifty (50) years of age and one of if not the oldest managers in his department. *Id*. at ¶ 24. Plaintiff alleges that he was replaced by a significantly younger individual with less experience. *Id*. at ¶ 25.

Under the Tennessee Human Rights Act ("THRA"), Defendant is prohibited from discriminating against Plaintiff because of his age. *Id*. at ¶ 27. As an adult at the age of 50 at the time he was terminated, Plaintiff was a member of the class protected by the THRA, (sic) over the age of forty. *Id*. at ¶ 28. At the time of Plaintiff's termination, and throughout his employment with Defendant, he was meeting and exceeding Defendant's legitimate expectations for the performance of his job duties. *Id*. at ¶ 29. Plaintiff was replaced by a younger employee who was not a member of the protected class and was not qualified for the position, so as to give rise to an inference of age discrimination. *Id*. at ¶ 30. As a result of Defendant's unlawful acts, Plaintiff has suffered and will continue to suffer loss of earnings and fringe benefits and compensatory damages in the form of future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses. *Id*. at ¶ 31. Defendant terminated Plaintiff on the basis of his age in violation of the THRA. *Id*. at ¶ 32.

Next Plaintiff alleges that Defendant acted in retaliation against him for his complaint to the Defendant's toll free hotline regarding Villareal's behavior. *Id*. at ¶ 35. October 25, 2007, a follow-up meeting was scheduled with the same personnel who had previously questioned

Plaintiff about explicit material on his laptop, Ugarte and Lawrence. *Id*. at ¶ 36. Plaintiff was terminated before he was able to provide supporting documentation for his workplace violence complaint to the toll free hotline. *Id*. at ¶ 37. Throughout the course of his employment, Plaintiff provided loyal, diligent and exemplary service to Defendant, met all of Defendant's legitimate goals and objectives, and had a reasonable expectation of a fair and impartial investigation into his claim. *Id*. at ¶ 38. Plaintiff contends that his complaint of workplace violence to the toll free hotline was a substantial factor in Defendant's motivation to terminate his employment. *Id*. at ¶ 40. Plaintiff seeks compensatory and punitive damages as to this count. *Id*. at ¶¶ 41-42.

Finally, Plaintiff alleges that he is a veteran of the United States military. *Id*. at ¶ 44. As a veteran, Plaintiff is protected from discrimination by USERRA. *Id*. at ¶ 45. Throughout his employment with Defendant, Plaintiff subjected to retaliation and discrimination due to his military status. *Id*. at ¶ 46. FedEx supervisors specifically stated that he (sic) did not want ex-military working for him. *Id*. at ¶ 47. Plaintiff alleges that he has been damaged as a result of Defendant's discriminatory conduct. *Id*. at ¶ 48.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to plead any of his claims. First, Defendant contends that Plaintiff has failed to adequately plead his THRA retaliation claim. Plaintiff has failed to allege that he engaged in protected activity, that Defendant knew about Plaintiff's alleged protected activity, or that there is a causal connection between Plaintiff's protected activity and the adverse employment action. Plaintiff's call to Defendant's hotline is not protected by the THRA because there is no allegation that Plaintiff was complaining of discrimination based on race, creed, color, religion, sex, age or national

origin. Next, Defendant argues that Plaintiff's has failed to plead his USERRA claim. Plaintiff has not alleged any military activity including taking military leave since being employed with Defendant. Defendant alleges that Plaintiff was only on active military duty from 1974 to 1975. Plaintiff was not terminated by Defendant until 2007, thirty-two years after his military service was complete. Based on these allegations, Plaintiff's USERRA claim is facially implausible. For the same reasons, Plaintiff's allegation about a comment from a supervisor is insufficient to make out Plaintiff's USERRA claim. Plaintiff has not alleged that the supervisor was his supervisor, when the comment was made, or whether it was related to his termination. Defendant states that Plaintiff has failed to state a THRA age discrimination claim. Plaintiff has pled only a formulaic recitation of the elements of the case. Defendant admits that Plaintiff was replaced by William F. Smith, an individual six years younger than Plaintiff. However, Defendant contends that the replacement must be "significantly younger" in order for Plaintiff to make out his age discrimination claim. For all of these reasons, Defendants seeks dismissal of Plaintiff's Complaint.

In his response in opposition to Defendant's Motion, Plaintiff concedes his USERRA claim. The Court would note that since the parties filed their briefs, the Magistrate Judge denied Plaintiff's motion to amend his Complaint. Nevertheless, Plaintiff argues that he had stated his THRA claims. With respect to his age discrimination claim, Plaintiff states that the Court should not consider the age and identity of his replacement at the pleadings stage of the case. Otherwise, Plaintiff argues that he had adequately pled this cause of action. As for his THRA retaliation claim, Plaintiff simply recites the elements of the claim and states without analysis that he has stated his claim.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[5]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[6] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[7] Consequently, the Sixth Circuit has articulated the following as the

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[6] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[7] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly, ...* in which the

standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[8] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

Plaintiff's Complaint alleges three distinct causes of action: (1) a retaliation claim pursuant to USERRA, 38 U.S.C. § 4301 *et seq*.; (2) an age discrimination claim pursuant to the THRA; and (3) a retaliation claim pursuant to the THRA. See Compl. ¶ 1. This matter was removed from state court because this Court had original jurisdiction pursuant to 28 U.S.C.A. § 1331 over Plaintiff's USERRA claim, the only federal law claim alleged in the Complaint.[10] Where the Court has original jurisdiction, the Court may exercise its supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[11] The Court is vested with the further discretion to decline to exercise supplemental jurisdiction under certain circumstances.[12] These include instances when "the district court has dismissed all claims over which it has

---

Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[10] 28 U.S.C.A. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

[11] 28 U.S.C. § 1367(a).

[12] 28 U.S.C. § 1367(c).

original jurisdiction."[13]  In the case at bar, it appears that Plaintiff has abandoned his USERRA claim.  In response to Defendant's Motion, Plaintiff stated that "Plaintiff concedes his USERRA claim; however, Plaintiff has filed a Motion for (sic) to Amend his Complaint to address the veteran's discrimination claim."  Pl.'s Resp. 4.  In his motion to amend, Plaintiff sought to add a claim for breach of contract pursuant to Tennessee law.  In light of Plaintiff's concession of his USERRA claim, Plaintiff no longer has a claim for relief under federal law before the Court.[14]

It is settled law that the district court may exercise supplemental jurisdiction over state law claims, even after the basis for removal to federal court has been eliminated, "if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity."[15]  Generally, if a federal claim is dismissed before trial, the state claims should be dismissed as well.[16]  Having conceded his USERRA claim, Plaintiff is left only with claims for relief under Tennessee law.  Therefore, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state law claims.  Defendant's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

---

[13] 28 U.S.C. § 1367(c)(1) & (3).

[14] After the filing of Plaintiff's Response brief, the Magistrate Judge denied Plaintiff's motion to amend.  Plaintiff failed to file timely objections to the Magistrate Judge's order.  Even if the motion to amend had been granted, Plaintiff would still have failed to allege a claim under federal law.

[15] *See Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

[16] *Taylor v. First of Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992).

                                  **s/ S. Thomas Anderson**
                                  S. THOMAS ANDERSON
                                  UNITED STATES DISTRICT JUDGE

Date:   December 7th, 2009.